**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SCOTT MICHAEL MARTINI,**

      **Plaintiff,**

      **v.**                             **CASE NO. 17-3188-SAC**

**SAM CLINE, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On December 1, 2017, the Court entered a Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 7), giving Plaintiff until December 29, 2017, to either show cause why his case should not be dismissed for the reasons set forth in the MOSC or to file a proper amended complaint.

In the MOSC, the Court found that: Plaintiff's claims for monetary damages against Defendants in their official capacities are subject to dismissal as barred by sovereign immunity; Plaintiff has failed to allege any personal involvement by Defendant Cline; Plaintiff's failure to protect claim is subject to dismissal for failure to allege that any defendant acted with deliberate indifference; and Plaintiff's allegations of denial of medical care are subject to dismissal for failure to state a claim. The Court found that Plaintiff's allegations indicate that he has been furnished medical care during the relevant time frame. They also indicate that his claims amount to a difference of opinion with the treatments he has been provided by medical staff. Plaintiff's allegations are nothing more than a lay person's disagreement with the medical treatment of his symptoms by medical professionals. Such allegations do not rise to the level of a claim of cruel

1

and unusual punishment under the Eighth Amendment; and are, at most, grounds for a negligence or malpractice claim in state court. The Court also found that to the extent Plaintiff intends to claim a denial of access to the courts, the claim is subject to dismissal for failure to state a claim because Plaintiff failed to allege an actual injury.

The Court's MOSC required Plaintiff to show good cause why his Amended Complaint should not be dismissed for the reasons stated therein. Plaintiff was also given the opportunity to file a complete and proper Second Amended Complaint upon court-approved forms that cures all the deficiencies discussed therein. The MOSC provides that "[i]f Plaintiff does not file a Second Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint." Plaintiff has failed to address the deficiencies and has failed to file a Second Amended Complaint. The Court finds that this case should be dismissed due to the deficiencies set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 10th day of January, 2018.**

S/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**